MICHAEL MITCHELL v. COMM'RS OF LEAVENWORTH CO.

1. JAILS, AND GUARDS; *Powers of County Board.* The board of county
   commissioners of Leavenworth county have the authority to make con-
   tracts for the services of guards at the county jail of that county, when
   in their judgment there exists a public necessity for the employment of
   persons for such purpose.

2. ———— *Liability of County.* Where a guard at the county jail of
   Leavenworth county was originally employed by the sheriff of the
   county, without consultation with the members of the board, and the
   services of the guard were necessary, and required for the proper care

and safety of the public jail, and prisoners, and the services of the guard were rendered with the knowledge of the board, and the board at a regular session, in consideration of such services, fixed the compensation thereof, and ordered that the person so employed should be paid said compensation, and had said orders duly entered upon the journal of their proceedings, and the services of the guard were of the full value of the compensation allowed, *held*, that the county is liable in an action to recover for such services, the compensation so allowed by the board.

*Error from Leavenworth District Court.*

MITCHELL claimed two hundred and fifty dollars for five months' services as guard at the county jail. The *Board of County Commissioners* disallowed his claim, and *Mitchell* appealed to the district court, where, at the September Term 1875, the action of the commissioners was sustained, and judgment rendered against *Mitchell* for costs. *Mitchell* now brings the case here on error.

*Stillings & Fenlon,* for plaintiff.

*L. M. Goddard,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff Mitchell sought to recover from the county of Leavenworth compensation for his services as guard at the county jail. The court below, on the agreed state of facts, found for the defendant, and the action is here for review. The facts are as follows: Mitchell was employed by the sheriff of said county, at the county jail, as a guard of prisoners confined in said jail. His services in such capacity were rendered with the knowledge of the board of commissioners, on the engagement of the sheriff as aforesaid, and were necessary, and required for the proper care and safety of the public jail, and prisoners therein confined. The sum of fifty dollars per month is a reasonable and fair compensation for such services. Said plaintiff rendered such services during the months of January, February, March, April and May, 1875. He duly presented his account, duly verified, for each of the aforesaid months, to the

county clerk of said county, which accounts were disallowed by the said board of commissioners. On the 7th of June 1875, the board of county commissioners of said county adopted the following resolution, to-wit: "That the guards at the county jail be allowed $50 per month salary, from January 1st 1875 until further order." The question presented is, whether the defendant in error is liable to the plaintiff in error.

The objections to the right of Mitchell to recover for the services from the county, are—*first*, because he was not employed by the county, or by any one authorized to employ him in its behalf; *second*, that the statute imposes upon the sheriff the duty of employing guards at his own expense in counties of this class, and the county could in no event become liable to pay for such services. The facts show that the services were necessary, and required for the proper care and safety of the public jail, and prisoners; that they were rendered with the knowledge of the board on the engagement of the sheriff, and that the board by authorized action, (if such action could be authorized,) at a regular session fixed the compensation at the monthly salary of $50, and provided that the guards at the jail should receive their salary at this rate from January 1st 1875. This was a sufficient ratification of the action of the sheriff in the employment of guards during said time as to fix the liability of the county for such services, unless the statute imposes upon the sheriff of Leavenworth county the duty of employing guards at his own expense. The statute relied upon to establish the proposition that the county could not be bound to pay for the services of guards, even by an express agreement made by the board of county commissioners, is section 1 of ch. 3, laws of 1872, page 249. This section prescribes, that—

"In counties of thirty thousand inhabitants or over, the sheriff of the county, by himself or deputy, shall keep the jail, and shall be responsible for the manner in which the same is kept. He shall keep separate rooms for sexes, except where they are lawfully married. He shall supply proper bread, meat, drink and fuel for the prisoners, at his

own expense, and everything else necessary for keeping said prisoners, and shall receive such pay as may be fixed by the county commissioners, but not to exceed the sum of forty cents per day for each prisoner."

In our view, there is nothing in the provisions of said section militating against the power of the county commissioners to employ guards, if in their judgment the condition of the jail, or other circumstances, should so demand. The requirement to keep the jail, does not impose upon the sheriff the duty to construct a jail, or furnish the bolts, bars, and keys of the prison; if insufficient for the safe-keeping of prisoners, the county commissioners, within the scope of their general powers and authority, could employ guards to aid the sheriff in preventing the persons in such jail from escaping. The provision of the section, that "He (the sheriff) shall supply proper bread, meat, drink and fuel for the prisoners, at his own expense, and everything else necessary for keeping said prisoners," etc., refers to the *maintenance* of the prisoners, and not to the *protection* of the prisoners from escaping — neither to their safe custody. Generally it would be unnecessary, with a sufficient and properly-constructed jail, to employ any guard to watch the jail, or aid in securing the persons confined therein; but circumstances might arise, which, from the condition of the jail, the large number of persons committed thereto, or from other matters occurring, in the judgment of the county commissioners a guard of one or more persons would be absolutely requisite, and in such cases, the law authorizes the commissioners, by virtue of their duty "to establish and keep at the expense of the county a jail for the safe-keeping of prisoners," to employ and pay such guards. There is nothing in ch. 3, laws of 1872, to prohibit or restrict this power.

The judgment will be reversed, and upon the agreed state of facts the court below is required to render judgment for plaintiff.

All the Justices concurring.